IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 03-6926 |
| | : | |
| v. | : | CRIMINAL ACTION NO. 00-315 |
| | : | |
| NATHANIEL PARKER, SR. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                          **March   23 , 2006**

Now before the Court is the pro se Petition of Nathaniel Parker, Sr. ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. For the reasons that follow the Petition will be denied.

**I.     Factual and Procedural Background**

On December 6, 2000, a grand jury returned a twenty-count Superseding Indictment, charging Petitioner with: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 5, and 15); possession with intent to distribute cocaine base within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 2, 6, and 16); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Counts 3, 7, and 19); possession with intent to distribute marijuana within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 4, 8, and 20); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 9, 11, and 13); distribution of cocaine base within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Counts 10, 12, and 14); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 17); and possession with intent to distribute cocaine within one thousand feet of a school, in violation of 21 U.S.C. § 860(a) (Count 18).

On December 18, 2000, following a jury trial, Petitioner was found guilty of Counts 5, 6,

7, 8, 13, 14, 15, 16, 17, 18, 19, and 20.  He was found not guilty of Counts 1, 2, 3, and 4.  The Government dismissed Counts 9, 10, 11, and 12.  At a November 28, 2001 hearing, in response to Petitioner's objections, the Government moved to dismiss Counts 5, 7, 13, 15, 17, and 19, and the Court granted the motion.

On January 15, 2002, the Court sentenced Petitioner to 180 months imprisonment on Counts 6, 8, 14, 16, 18, and 20, to run concurrently.  On January 22, 2002, Petitioner filed a notice of appeal.  On January 15, 2003, the Third Circuit affirmed.  United States v. Parker, No. 02-1227, 2003 U.S. App. LEXIS 1120, at *6 (3d Cir. 2003).  Petitioner filed for rehearing, which was denied on June 24, 2003.

On December 30, 2003, Petitioner filed the present petition.  On July 12, 2004, Petitioner filed a motion for leave to amend his petition, which the Court granted.

**II.   Petitioner's Claims**

Petitioner seeks relief on the grounds of ineffective assistance of counsel throughout every portion of his case based on their failure to raise the following claims:[1]

1.   18 U.S.C. § 841 is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

2.   Petitioner's sentencing counsel failed to make adequate objections to the presentence report.

3.   The sentencing court applied the wrong sentencing guideline.

---

[1] On July 13, 2000, prior to trial, Petitioner filed a motion to remove his first attorney, Joyce Webb-Eubanks ("Webb-Eubanks"), which the Court granted.  On July 28, 2000, Jules Epstein ("Epstein") was appointed to serve as counsel.  On September 19, 2001, the Court granted Epstein's motion to withdraw as Petitioner's counsel and, given Petitioner's desire to proceed pro se, appointed Giovanni Campbell ("Campbell") as standby counsel for sentencing purposes.  After sentencing, on March 18, 2002, Campbell filed a motion to withdraw as Petitioner's counsel.  After the Third Circuit denied Campbell's motion, Campbell served as Petitioner's appellate counsel.

4. Trial counsel failed to file a motion seeking severance.

5. Trial counsel failed to file a motion to suppress videotape surveillance.

6. Trial counsel failed to file a motion to dismiss the case based on vindictive prosecution.

7. <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) invalidates Petitioner's sentence.

8. Petitioner's case was improperly "removed" to federal court and should have been remanded back to state court.

9. The complaint and warrant were facially insufficient.

10. Trial counsel failed to conduct critical pretrial investigations.

11. Trial counsel should have called as a witness Calvin Wilson ("Wilson"), a local police officer who allegedly presented fraudulent and misleading evidence for the criminal complaint and warrant and to the grand jury.

12. Trial counsel failed to file a critical suppression motion.

13. Trial counsel failed to file a motion contesting the Government's improper expert testimony on the ultimate issue of Petitioner's mental state in violation of Federal Rule of Evidence 704(b).

14. The Government in its closing arguments improperly vouched for the credibility of its witnesses.

15. The trial court abused its discretion in questioning the Government's key witness during direct examination.

16. Petitioner's first two counsel had conflicts of interest that prevented them from rendering effective counsel.

17. Appellate counsel rendered constitutionally ineffective assistance in failing to

raise the foregoing arguments.

### III. Previously Litigated Claims – Claims One, Two, and Three

The Third Circuit has already rejected Petitioner's Apprendi claim, objections to the presentence report claim, and improper sentencing guideline claim on direct appeal. See United States v. Parker, 2003 U.S. App. LEXIS 1120, at *6, and this Court will not reconsider those arguments. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981) ("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255."). Accordingly, Petitioner's first, second, and third claims will be denied.

### IV. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 689-92 (1984). Consequently, even if a petitioner satisfies the first component by showing that counsel's performance was deficient, he cannot prevail if counsel's error "had no effect on the judgment." Id. at 691. In other words, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692.

"Although the Strickland test was initially formulated in the context of trial counsel's stewardship, it applies with equal force to [an] analysis of [a] challenge to the performance of appellate counsel." United States v. Mannino, 212 F.3d 835, 840 n.4 (3d Cir. 2000). When

addressing a claim that appellate counsel was ineffective, "the prejudice prong of a Strickland analysis is satisfied if there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard." Id. at 845.

    A.    <u>Previously Filed Motions – Claims Four, Five, and Six</u>

Petitioner inaccurately claims that trial counsel rendered ineffective assistance of counsel for failing to file (1) a motion seeking severance, see docket entry no. 31, (2) a motion to suppress surveillance videotapes, see docket entry no. 34, and (3) a motion to dismiss based on vindictive prosecution, see docket entry no. 35. The ineffective assistance claim based on these arguments must fail because trial counsel did file these motions, and the Court denied them. See Order dated December 4, 2000 (denying severance motion); Order dated November 30, 2000 (denying suppression motion); and Order dated December 6, 2000 (denying vindictive prosecution motion). Accordingly, Petitioner's fourth, fifth, and sixth claims will be denied.

    B.    <u>Blakely Claim – Claim Seven</u>

The Court has previously rejected the Blakey claim as meritless. See Court's Order dated April 29, 2005 (denying Petitioner's motion for release from custody on bail because (1) the bulk of his sentence resulted from a statutory mandatory minimum and (2) Booker v. Washington, 125 S. Ct. 728 (2005) does not apply retroactively). Because the Blakely claim is meritless, defense counsel cannot be deemed ineffective for failing to raise it. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Accordingly, Petitioner's seventh claim will be denied.

    C.    <u>"Removal"/Double Jeopardy – Claim Eight</u>

Petitioner was indicted on federal charges while state court charges were pending. The state court charges were dismissed by the Commonwealth before trial. Petitioner argues that Webb-Eubanks and Epstein were ineffective for failing to file a motion to remand his case back to state court because the "removal" of his case to federal court denied him his "constitutional right of exercising and enjoying his rights at the state level where the criminal charges originated."

This claim is without merit. "Double jeopardy does not bar federal prosecution on the same facts as state charges which were dismissed." Parker v. Stiles, No. 00-5334, 2001 U.S. Dist. LEXIS 9086, at *6-7 (E.D. Pa. June 29, 2001) (rejecting Petitioner's argument in a 42 U.S.C. § 1983 action that the filing of federal charges before the state charges were dismissed nolle prosequi violated his protection against double jeopardy) (citing United States v. Sparks, 87 F.3d 276, 279 (9th Cir. 1996)), aff'd, No. 01-2814, 2002 U.S. App. LEXIS 16016, at *1 (3d Cir. July 24, 2002). First, jeopardy attaches in criminal proceedings only when a jury is empaneled and sworn, or in a bench trial when the court begins to hear evidence. See Serfass v. United States, 420 U.S. 377, 288-92 (1975). Second, consistent with the dual sovereignty doctrine, a prior prosecution by the Commonwealth would not bar a subsequent prosecution by the federal government for federal offenses arising out of the same facts. See United States v. Pungitore, 910 F.2d 1084, 1105-06 (3d Cir. 1990); United States v. Benson, No. CV-97-4783, 1998 U.S. Dist. LEXIS 217, at *4 (E.D. Pa. Jan. 6, 1998). Accordingly, the decision not to raise this meritless issue does not fall below an "objective standard of reasonableness" and Petitioner's eighth claim will be denied.

    D.    <u>Sufficiency of the Complaint and Warrant – Claim Nine</u>

Petitioner contends that Webb-Eubanks and Epstein were ineffective in failing to file a

motion challenging the sufficiency of the complaint and warrant.[2] Even if the complaint were insufficient, however, the indictment superceded and thus cured any deficiencies in the complaint. See Jaben v. United States, 381 U.S. 214, 220 (1965). Accordingly, Petitioner's ninth claim will be denied.

### E.   Inadequate Pretrial Investigation – Claim Ten

Petitioner contends that his trial counsel was ineffective for failing to conduct critical pretrial investigations. He first argues that trial counsel was ineffective for his failure to obtain grand jury minutes, notes, or transcripts. Petitioner alleges that fraudulent and misleading evidence was presented to the grand jury, but fails to specify what was fraudulent and misleading.

Second, Petitioner alleges that his trial counsel should have filed a motion seeking information from police personnel files of all the potential witnesses. He speculates that because Wilson was later allegedly fired for serious police misconduct, evidence tampering, stealing of money, and falsifying and altering official documents, other police personnel might have been guilty of similar conduct. However, Petitioner fails to explain how such evidence, even if it existed, would have affected the outcome of the proceedings. Petitioner thus has failed to show prejudice.

Accordingly, Petitioner's tenth claim will be denied.

### F.   Impeachment of Wilson at Trial – Claim Eleven

Petitioner contends that his trial counsel should have called Wilson as a witness at trial in order to impeach his testimony from prior proceedings. However, Petitioner has failed to specify the nature of Wilson's allegedly false and misleading statements, and thus has failed to

---

[2] Petitioner was arrested by complaint and warrant but was subsequently indicted by a federal grand jury.

demonstrate prejudice.  Accordingly, Petitioner's eleventh claim will be denied.

    G.    <u>Suppression Motion – Claim Twelve</u>

Petitioner contends that his trial counsel was ineffective for failing to file a motion to suppress the evidence surrounding the June 26, 1998 incident.  On June 26, 1998, Petitioner was accused of possessing a pouch that contained more than 34 grams of cocaine base and nearly the same weight in marijuana with the intent to deliver the drugs to another person or other persons.  Because Petitioner does not specify why the evidence should have been suppressed, he has failed to establish that counsel's conduct fell below an "objective standard of reasonableness."  Accordingly, Petitioner's twelfth claim will be denied.

    H.    <u>Improper Expert Testimony – Claim Thirteen</u>

Petitioner contends that his trial counsel was ineffective for failing to file a motion asserting that the Government improperly elicited expert testimony from Special Agent John Cohen ("Cohen") on the ultimate issue of Petitioner's mental state in violation of Federal Rule of Evidence 704(b).  Rule 704(b) prohibits an expert from testifying that "the defendant did or did not have the mental state or condition constituting an element of the crime charged . . . ."  As the Third Circuit explained in <u>United States v. Bennett</u>, 161 F.3d 171, 183 (3d Cir. 1998), expert testimony is admissible if it is "limited to a factual description of the defendant's mental capacity, without any opinion or inference as to whether the defendant had the mental state required for commission of the offense."  "[E]xpert testimony is admissible if it merely supports an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony."  <u>Id.</u> at 185 (quoting <u>United States v. Morales</u>, 108 F.3d 1031, 1038 (9th Cir. 1997)).

Here, during trial, the parties stipulated to Cohen's expertise in the area of drug trafficking and packaging. The parties further stipulated that if Cohen were presented with Government Exhibit One, consisting of a clear plastic bag with 34.5 grams of cocaine base, and Government Exhibit Two, consisting of twenty-six green Ziploc bags with what appears to be a total of 30.4 grams of marijuana, he would testify that in his expert opinion, the quantity and packaging of the drugs and the amount of money recovered with the drugs are consistent with an individual possessing the drugs with an intent to distribute rather than for his own personal use. Cohen's testimony was admissible under Rule 704(b) because Cohen never directly opined as to Petitioner's mental state. Expert testimony concerning the modus operandi of individuals involved in drug trafficking does not violate Rule 704(b). United States v. Watson, 260 F.3d 301, 308 (3d Cir. 2001). Cohen drew no conclusion as to Petitioner's intent, and the conclusion that Petitioner possessed the requisite mental state did not necessarily follow from Cohen's testimony. Accordingly, trial counsel's decision not to raise the meritless issue does not fall below an "objective standard of reasonableness" and Petitioner's thirteenth claim will be denied.

    I.    Improper Closing Argument – Claim Fourteen

Petitioner alleges that his trial counsel was ineffective for failing to file a motion asserting that the Government improperly vouched for the credibility of its witnesses during its closing arguments. "Our case law indicates that to find vouching two criteria must be met: (1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record." United States v. Walker, 155 F.3d 180, 187 (3d Cir. 1998). "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it

be determined whether the prosecutor's conduct affected the fairness of the trial." United States v. Young, 470 U.S. 1, 11 (1985).

Here, Petitioner does not specify how or where the Government improperly provided an assurance about the credibility of a witness through the Government's personal knowledge or by other information outside of the witness's testimony before the jury. In its closing, the Government stated that the jurors needed to resolve whether they believed the witnesses. The Government suggested that the jurors make this determination by considering: (1) whether the witnesses had the ability to see what they say they saw; (2) what the witnesses' demeanor was during their testimony; and (3) whether the witnesses had a motive to lie. The Government then evaluated each witness's testimony in light of these three factors but never vouched for the witness's credibility. Accordingly, trial counsel's decision not to raise this meritless issue does not fall below an "objective standard of reasonableness" and Petitioner's fourteenth claim must fail.

        J.       Trial Court's Colloquy With the Government's Witness – Claim Fifteen

Petitioner contends that his trial counsel was ineffective for failing to file a motion asserting that the trial court abused its discretion in questioning the Government's key witness during direct examination. Because Petitioner does not specify which witness and why the trial court's colloquy with the witness was improper, he has failed to establish that counsel's conduct fell below an "objective standard of reasonableness." Accordingly, Petitioner's fifteenth claim will be denied.

        K.       Conflict of Interest with Counsel – Claim Sixteen

Petitioner claims that his first two counsel, Webb-Eubanks and Epstein, each had a conflict of interest and that these conflicts rendered their assistance constitutionally inadequate.

In Cuyler v. Sullivan, 466 U.S. 335 (1980), the Supreme Court established a two-prong evaluation for claims of ineffective assistance of counsel due to conflict of interest. First, the defendant must establish that a specific conflict existed between the interests of counsel and those of the defendant. Id. at 350. Second, the defendant must demonstrate that the conflict resulted in specific prejudice or harm to the defendant's case. Id. at 348. "In other words, the defendant must 'show some actual conflict of interest that adversely affected his counsel's performance in order to prevail.'" Id. (quoting United States v. Preston, 910 F.2d 81, 88 (3d Cir. 1998)).

Here, in support of his claim against Webb-Eubanks, Petitioner cites the fact that she was dismissed from any further representation of him as proof there was an actual conflict. However, he has not alleged any specific prejudice suffered as a result of the alleged conflict. Accordingly, Petitioner's claim against Webb-Eubanks must fail.

In support of his allegation of a conflict with Epstein, Petitioner makes several conclusory arguments. He claims that Epstein verbally berated him, gave him a "very strong impression" that he believed Petitioner was guilty, pressured him to plead guilty, and eventually moved to withdraw as counsel. He further claims that the decision to continue sentencing until the Third Circuit reached a decision in a case that directly impacted on the very issues before the Court, United States v. Barbosa, 271 F.3d 438 (3d Cir. 2001), shows that Epstein conspired with the United States Attorney's Office, engaged in a joint unconstitutional scheme, acted as "a mere friend of the Court," and rejected his duty to work on behalf of his client and not with the prosecution. However, Petitioner has failed to explain how such allegations, even if they were true, affected the outcome of the trial or the sentencing. Accordingly, Petitioner's claim against Epstein must also fail.

L.     Ineffective Assistance from Appellate Counsel – Claim Seventeen

Petitioner contends that his appellate counsel was ineffective for failing to raise the claims discussed above.  The Court has already determined that those claims are without merit.  The failure to raise meritless claims is not ineffective assistance of counsel.  See Sanders, 165 F.3d at 253; United States v. Williams, 166 F. Supp. 2d 286, 305 (E.D. Pa. 2001) ("To show that appellate counsel was deficient, [Petitioner] must do more than show that counsel failed to raise every non-frivolous issue, for an appellate counsel is under no obligation to raise all issues, but may pick and choose so as to maximize the chances of a successful appeal.") (citing Smith v. Robbins, 528 U.S. 259, 288 (2000)).  Accordingly, Petitioner's seventeenth claim will be denied.

**V.     Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied.

-13-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 03-6926** |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 00-315** |
| | : | |
| **NATHANIEL PARKER, SR.** | : | |

## ORDER

AND NOW, this 23rd day of March, 2006, upon consideration of Petitioner's Writ pursuant to 28 U.S.C. § 2255 (case no. 00-cr-315, docket no. 121), and the Government's response thereto (docket no. 130), it is **ORDERED** that:

(1) The petition for writ of habeas corpus is **DENIED**.

(2) The Clerk of the Court shall mark Civil Action No. 03-6926 **CLOSED**.

(3) Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**